ATTEST:
A TRUE COPY CERTIFIED
Scott L. Poff, Clerk
United States District Court

*By crobinson at 8:31 am, Mar 13, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EDUARDO BERMUDEZ,<br><br>Defendant. | CASE NO.: 2:19-cr-48 |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Eduardo Bermudez's motion to evaluate Mr. Bermudez's competency, doc. 32. The Court held a hearing on this matter on October 18, 2019, doc. 35. Subsequent to this hearing, Dr. Dawn Graney conducted a forensic psychological evaluation of Defendant and authored a report ("Forensic Evaluation") summarizing her findings. Doc. 51. The parties have stipulated to the admissibility of the Forensic Evaluation and have confirmed that they will not present any evidence concerning Defendant's competency, aside from the Psychiatric Report. Doc. 52-1. Based on the entire record in this case, including the Forensic Evaluation, I find Mr. Bermudez is capable of understanding the charges against him and meaningfully consulting with his attorney about his defense, and that Mr. Bermudez was able to appreciate the nature and quality of his actions at the time of the alleged offenses. Therefore, I **RECOMMEND** the Court find that Defendant Bermudez is competent to stand trial and proceed with this case and that Mr. Bermudez was not insane at the time of the offenses charged in this case.

**BACKGROUND**

The United States charges Mr. Bermudez by way of Indictment with one count of Assaulting, Resisting, or Impeding Certain Officers or Employees, 18 U.S.C. § 111(a)(1) and (b). Doc. 1. Mr. Bermudez appeared for his initial appearance and arraignment on August 29, 2019. On October 15, 2019, Defendant filed a Motion for Psychiatric and Psychological Exam to Determine Competency of Defendant. Docs. 32. The Court conducted a hearing on the Motion on October 18, 2019, and after hearing from Defendant's counsel, ordered Defendant to be committed to BOP for a psychological examination. Specifically, the Court issued an order based on 18 U.S.C. § 4241(b) granting Defendant's counsel's motion and ordering that Mr. Bermudez be evaluated by a psychiatrist or psychologist under 18 U.S.C. §§ 4247(b) and (c). Doc. 41.

Pursuant to the Court's Order for Psychological Examination, doc. 41, Dr. Dawn Graney, Psy.D. for the Federal Correctional Complex at Butner, North Carolina (Butner), evaluated Mr. Bermudez from November 13, 2019 to January 15, 2020, and provided a report of her evaluation to the Court. Doc. 51. In her Forensic Evaluation, Dr. Graney explained that, based on her evaluation, she is of the opinion that Defendant Bermudez is competent in that Mr. Bermudez is able to understand the nature and consequences of the proceedings against him and assist properly in his defense if he chooses to do so. Dr. Graney is of the opinion, as stated in her report, that Defendant Bermudez is competent to stand trial.

Following the review of Dr. Graney's Forensic Evaluation, the Government stated in the Status Report filed February 27, 2020, doc. 52, that it had no objection to the Forensic Evaluation and does not request a competency hearing. Filed within the Government's Status

Report is a Stipulation Regarding Competency, doc. 52-1, stating that the parties stipulate to the admissibility of the Forensic Evaluation and that neither party will submit any evidence concerning Defendant's competency, aside from the Forensic Evaluation. Doc. 52-1.

**DISCUSSION**

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Graney formed the opinion that Mr. Bermudez is competent to stand trial in this case. Dr. Graney reached this conclusion after observing and speaking with Mr. Bermudez, reviewing his medical records and criminal history, and conducting various tests. Defendant's counsel has stipulated to the admissibility of Dr. Graney's Forensic Evaluation and does not seek to introduce any additional evidence related to the matter. There is no evidence in the record that contradicts Dr. Graney's conclusions. While the undersigned had reasonable cause to believe Mr. Bermudez may have suffered from a mental disease or defect at the time I ordered Mr. Bermudez's competency evaluation, Dr. Graney's thorough evaluation and the lack of any contradictory evidence have removed any concerns or doubt about Mr. Bermudez's competency. The undersigned agrees with Dr. Graney's conclusion that Mr. Bermudez understands the nature and consequences of the charges against him, can

properly assist in his defense, and, therefore, is competent to stand trial. I, therefore, **RECOMMEND** the Court find that Mr. Bermudez is competent to stand trial.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. Bermudez competent to stand trial and proceed with this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6